AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District: SOUTHERN DISTRICT OF TEXAS |
|---|---|

| Name of Movant: RAFAEL HERNANDEZ | Prisoner No.: 94893-079 | Case No.: 1-01-CR0015-005 |
|---|---|---|

Place of Confinement: Federal Prison Three Rivers P.O.B. 4200, Three Rivers, TX 78071

UNITED STATES OF AMERICA     v.     RAFAEL HERNANDEZ
(name under which convicted)

**MOTION**     B-03-085

1. Name and location of court which entered the judgment of conviction under attack: SOUTHERN DISTRICT OF TEXAS

2. Date of judgment of conviction: SEPT 17, 2001

3. Length of sentence: 125 months

4. Nature of offense involved (all counts): POSSESSION W/ I TO DIST APPROX 182.16 Kgs of MARIJUANA 21 USC 841(a)(1)(b)(1)(B) 6 U.S.C. § 2.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

Stamp: U.S. District Court, Southern District of Texas, FILED MAY 0 2 2003, Michael N. Milby, Clerk of Court

(2)

9. If you did appeal, answer the following:

   (a) Name of court _____ NA _____

   (b) Result _____ NA _____

   (c) Date of result _____ NA _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐  No ☐

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court _____ NA _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☐

    (5) Result _____ NA _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____ NA _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____ NA

(6) Date of result _____ NA

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.   Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
NA

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __INEFFECTIVE ASSISTANCE OF COUNSEL__

Supporting FACTS (state *briefly* without citing cases or law) __SEE BRIEF IN SUPPORT OF SECTION 2255__

B. Ground two: __PETITIONER CRIMINAL HISTORY OVER REPRESENTED HIS CRIMINAL CONDUCT + CATEGORY__

Supporting FACTS (state *briefly* without citing cases or law): __SEE BRIEF IN SUPPORT OF SECTION 2255__

C. Ground three: __NA__

Supporting FACTS (state *briefly* without citing cases or law): __NA__

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
 Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

 (a) At preliminary hearing  RENE E. DE COSS
 BROWNSVILLE, TX

 (b) At arraignment and plea  SAME

 (c) At trial  SAME

 (d) At sentencing  SAME

(6)

(e) On appeal _NA_

(f) ~~In any~~ post-conviction proceeding _NH_

(g) On appeal from any adverse ruling in a post-conviction proceeding _NA_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _-NA_

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_DN PRO/SE_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_4/25/03_
(date)

_[signature]_
Signature of Movant

(7)

<u>UNITED STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF TEXAS</u>
<u>BROWNSVILLE DIVISION</u>

*************************************************************************

| | |
|---|---|
| RAFAEL HERNANDEZ, <br> PETITIONER. <br><br> Vs. <br><br> UNITED STATES OF AMERICA, <br> RESPONDENT. | CASE NO. <u>1-01-CR00175-005</u> |

*************************************************************************

<u>**BRIEF IN SUPPORT OF 28 U.S.C. §2255**</u>

<u>TO THE HONORABLE JUDGE OF SAID COURT:</u>

COMES NOW, **Rafael Hernandez**, Petitioner, acting in pro/se in the above numbered cause and would show the court as follows;

<u>**JURISDICTION**</u>

Jurisdiction is invoked pursuant to 28 U.S.C. §2255.

<u>**STATEMENT OF THE CASE**</u>

On **April 3, 2001**, Petitioner was arrested by the U.S. Customs Service for Possession with intent to distribute approximately 182.16kg gross weight of marijuana. On **May 31, 2001**, Petitioner appeared with counsel and entered a plea of guilty to count's 2, Violation of 21 U.S.C. §841(a)(I), 841(b)(I)(B) and 18 U.S.C. §2. On **September 17, 2001**, Petitioner was sentenced by this court to a <u>**125 months**</u> term of imprisonment.

<u>**STATEMENT OF THE ISSUES**</u>

I.  Petitioner was denied effective assistance of counsel.

II. Counsel failed to object during sentencing to Part E of the pre-sentence report-factors that may warrant departure.

## ARGUMENTS AND POINTS OF AUTHORITY

### ISSUE ONE

I. MOVANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Movant was denied effective assistance of counsel as guaranteed in the Sixth Amendment to the Constitution (see Sixth Amendment and Strickland vs Washington, 466 US 668 (1984). In Strickland the Supreme Court held that inorder to establish a constitutional violation of the right to effective assistance of counsel, a petitioner must meet two prongs. First, he must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment to the Constitution. This prong is met by showing that counsel's acts or omissions did not meet an objective standard of reasonableness (see United States vs Smith, 915 F 2d. 959, 963 (5th Cir. 1990) (Quoting Strickland, 466 US at 688, 104 S. Ct. at 2064).

Second, a petitioner must show that he was prejudiced by counsel's performance. THis second prong of the test is met by showing the existence of a reasonable probability that, but for counsel's deficient performance, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome, Strickland, 104 S. Ct. at 2068.

It is therefore submitted that, based on the arguments as set fourth within the pleading, the standard of Strickland is sufficiently met. The requirement that a defendant receive effective assistance of counsel is constitutionally mandated;

U.S. Constitution, Amendment VI, Reese v. Georgia, 350 U.S. 85, 90 (1955) (The effective assistance of counsel is.....a Constitutional requirement of due process of law) and McMann v. Richardson, 397 U.S. 759, 771, and n.1.12 (1970) (the right to counsel is the right to effective assistance of counsel).

### LOSS OF EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner submits the claim of ineffective assistance of counsel in this instance is governed by Penson v. Ohio, 488 U.S. 75, 88, 109 S.Ct. 102 LEd 2d 300 (1988), in which it was held that a petitioner need not prove the prejudicial prong of Strickland when the acts or omissions of counsel resulted in the actual or constructive denial of effective assistance of counsel altogether.

In the context of the loss of effective assistance of counsel, prejudice occurs where a defendant is denied effective assistance of counsel during the sentencing phase, and as where in Petitioner's case, counsel failed to object to the "career offender classification", where Petitioner's past criminal history was an over representation of his criminal history.

Counsel rendered further ineffective assistance where he failed to prefect the record on appeal, where proper pretrial investigation would have exposed the point of error being set fourth in issue number two (II). In determining ineffective assistance of counsel, we see that in Green v. U.S., 116, F 3d, at 1121-22, (5th Cir. 1997) the court is first instructed to analyze whether an attorney's performance fell below an objective standard of reasonableness. This objective standard is defined by the prevailing norms of our legal profession, see Strickland, 466 U.S. at 688.

Petitioner submits that cases such as Holloway v. Arkansas and United States v. Maria Martinez affirmatively suggest that an attorney who does not speak on behalf of his client entirely fails to meet the prevailing professional norms of our legal community.

- 3. -

See Holloway v. Arkansas, 435 U.S. 475, 490, (1978) (stating that "the mere physical presence of an attorney does not fulfill the Sixth Amendment guarantee when the advocate's conflicting obligation have effectively sealed his lips on crucial matters"). See also United States v. Maria Martinez, 143 F3d 914, 916 (5th Cir. 1998) (Citing Holloway).

Petitioner does not venture to guess why counsel chose to neglect his clients interest at sentencing. It may very well have nothing to do with a conflict of interest. However, the principle of Holloway remains the same. Silence is the issue here. The Constitutional violation abides in the "sealed lips", regardless of what counsel's motivations might have been. Holloway, 435 U.S. 490.

While the record clearly demonstrates counsel's inadequate performance, the subsequent point of error II in this brief reveals the prejudicial effect of counsel's deficient counseling. Because counsel chose not to advocate, the Government, for all intent and purposes, was allowed to establish it's case without impediment or obstruction. The denial of an adversarial testing process granted the unmistakeable prejudice of an upward departure; **where** the court departed from Base Offense Level **26** Criminal History Category IV range of 92 to 115 months to a Base Offense Level 31 Criminal History Category VI Career Offender Classification guideline range of 188 to 235 months. Therefore, the denial of an adversarial testing process granted the unmistakeable prejudice of a 33 month enhancement in the Petitioner's term of imprisonment. Petitioner was affirmatively denied his right to effective assistance of counsel. Such a Constitutional violation can be remedied only through an evidentiary hearing where Petitioner will present his mitigating factors.

- 4. -

## ARGUMENT & POINTS OF AUTHORITY
### ISSUE II

II. COUNSEL FAILED TO OBJECT DURING SENTENCING TO PART E OF THE PRESENTENCE REPORT - FACTORS THAT MAY WARRANT DEPARTURE.

II. <u>Standard of Review</u>: Misapplication of the guidelines under U.S.S.G. Sec. 4A1.3, are reviewed de nova. See <u>U.S. v. Kay</u>, 83 F 3d 98, 101 (5th Cir. 1996) Cert Denied _____ v. _____ 117 S.Ct. 247, 136 LEd. 2d 175 (1996). In the case at bar, the District Judge upwardly departed from the Petitioner's guideline range of Base Offense Level <u>26</u>, Criminal History Category IV, Guideline range of 92 to 115 months, to Criminal History Category VI, Guideline range of 188 to 135 months, and sentenced Petitioner to <u>125</u> months in prison. Petitioner contends that counsel <u>never</u> made him aware prior to sentencing that he would be subject to a career offender classification, warranting an upward departure. Counsel of record <u>never</u> discussed the career offender category with Petitioner prior to sentencing. Petitioner never had any opportunity to timely object to some of the factors that the court would ultimately use to justify it's reasons to depart, as a result counsel was ineffective during sentencing phase.

The Guidelines carve out a "heartland" set of typical cases embodying the conduct that each describes; 1997 U.S.S.G. Ch. 1, A introduction comments 4(b). The district judge can depart from the guidelines based on factors "not adequately taken into consideration by the sentencing commission in formulating the guidelines", with the exception of seceral factors that the guideline explicitly excludes from consideration; 1997 U.S.S.G. Sec. 5K2.0. The judge can consider acts and factors that are not necessarily criminal or illegal when deciding whether or how much to depart from the guidelines. See <u>Arce</u>, 118 F3d at 340-341 (citing specific guidelines provisions and comments to justify this finding).

In the case at bar, Petitioner's counsel's ineffective assistance affects his right to present favorable mitigating factors regarding the allegations of Petitioner's past similar criminal conduct and the alleged serious dissimilar conduct.

- 5. -

Petitioner contends that the error affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings; see U.S. v. McDowell, 109 F3d 214, 216 (5th Cir. 1997). See also Burns v. U.S., 501 U.S. 129-138-139, 111 S.Ct. 2182, 115 LEd 2d 123 (1991).

Because counsel of record failed to object to Petitioner's past criminal conduct, this court should remand for an evidentiary hearing and afford movant an opportunity to present his mitigating factors as well as object to his career offender criminal history category.

WHEREFORE; Petitioner prays that the court order the government to show cause and order an evidentiary hearing.

DATED: 4-25-03

RESPECTFULLY SUBMITTED,

RAFAEL HERNANDEZ #94893-079
FCI THREE RIVERS
P.O. BOX 4200
THREE RIVERS, TX. 78071-4200

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FORGOING HAS BEEN SENT ON THIS 25th DAY OF April, 2003, BY THE U.S. POSTAL SERVICE, POSTAGE PREPAID, FIRST CLASS, AS PROOF OF SERVICE, TO:

BY: Rafael Hernandez
RAFAEL HERNANDEZ #94893-079
FCI THREE RIVERS
P.O. BOX 4200
THREE RIVERS, TX. 78071-4200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

***********************************************************************

RAFAEL HERNANDEZ,
PETITIONER.

Vs.                                   CASE NO. 1-01-CR00175-005

UNITED STATES OF AMERICA,
RESPONDENT.

***********************************************************************

### BRIEF IN SUPPORT OF 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Rafael Hernandez**, Petitioner, acting in pro/se in the above numbered cause and would show the court as follows;

### JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. §2255.

### STATEMENT OF THE CASE

On **April 3, 2001**, Petitioner was arrested by the U.S. Customs Service for Possession with intent to distribute approximately 182.16kg gross weight of marijuana. On **May 31, 2001**, Petitioner appeared with counsel and entered a plea of guilty to count's 2, Violation of 21 U.S.C. §841(a)(I), 841(b)(I)(B) and 18 U.S.C. §2. On **September 17, 2001**, Petitioner was sentenced by this court to a **125 months** term of imprisonment.

### STATEMENT OF THE ISSUES

I. Petitioner was denied effective assistance of counsel.

II. Counsel failed to object during sentencing to Part E of the pre-sentence report-factors that may warrant departure.

## ARGUMENTS AND POINTS OF AUTHORITY

### ISSUE ONE

I. MOVANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Movant was denied effective assistance of counsel as guaranteed in the Sixth Amendment to the Constitution (see Sixth Amendment and Strickland vs Washington, 466 US 668 (1984). In Strickland the Supreme Court held that inorder to establish a constitutional violation of the right to effective assistance of counsel, a petitioner must meet two prongs. First, he must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as "counsel" as guaranteed by the Sixth Amendment to the Constitution. This prong is met by showing that counsel's acts or omissions did not meet an objective standard of reasonableness (see United States vs Smith, 915 F 2d. 959, 963 (5th Cir. 1990) (Quoting Strickland, 466 US at 688, 104 S. Ct. at 2064).

Second, a petitioner must show that he was prejudiced by counsel's performance. THis second prong of the test is met by showing the existence of a reasonable probability that, but for counsel's deficient performance, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome, Strickland, 104 S. Ct. at 2068.

It is therefore submitted that, based on the arguments as set fourth within the pleading, the standard of Strickland is sufficiently met. The requirement that a defendant receive effective assistance of counsel is constitutionally mandated;

Page - 2

U.S. Constitution, Amendment VI, <u>Reese v. Georgia</u>, 350 U.S. 85, 90 (1955) (The effective assistance of counsel is.....a Constitutional requirement of due process of law) and <u>McMann v. Richardson</u>, 397 U.S. 759, 771, and n.1.12 (1970) (the right to counsel is the right to effective assistance of counsel).

### LOSS OF EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner submits the claim of ineffective assistance of counsel in this instance is governed by <u>Penson v. Ohio</u>, 488 U.S. 75, 88, 109 S.Ct. 102 LEd 2d 300 (1988), in which it was held that a petitioner need not prove the prejudicial prong of Strickland when the acts or omissions of counsel resulted in the actual or constructive denial of effective assistance of counsel altogether.

In the context of the loss of effective assistance of counsel, prejudice occurs where a defendant is denied effective assistance of counsel during the sentencing phase, and as where in Petitioner's case, counsel failed to object to the "career offender classification", where Petitioner's past criminal history was an over representation of his criminal history.

Counsel rendered further ineffective assistance where he failed to prefect the record on appeal, where proper pretrial investigation would have exposed the point of error being set fourth in issue number two (II). In determining ineffective assistance of counsel, we see that in <u>Green v. U.S.</u>, 116, F 3d, at 1121-22, (5th Cir. 1997) the court is first instructed to analyze whether an attorney's performance fell below an objective standard of reasonableness. This objective standard is defined by the prevailing norms of our legal profession, see Strickland, 466 U.S. at 688.

Petitioner submits that cases such as <u>Holloway v. Arkansas</u> and <u>United States v. Maria Martinez</u> affirmatively suggest that an attorney who does not speak on behalf of his client entirely fails to meet the prevailing professional norms of our legal community.

- 3. -

See <u>Holloway v. Arkansas</u>, 435 U.S. 475, 490, (1978) (stating that "the mere physical presence of an attorney does not fulfill the Sixth Amendment guarantee when the advocate's conflicting obligation have effectively sealed his lips on crucial matters"). See also <u>United States v. Maria Martinez</u>, 143 F3d 914, 916 (5th Cir. 1998) (Citing Holloway).

Petitioner does not venture to guess why counsel chose to neglect his clients interest at sentencing. It may very well have nothing to do with a conflict of interest. However, the principle of Holloway remains the same. Silence is the issue here. The Constitutional violation abides in the "sealed lips", regardless of what counsel's motivations might have been. <u>Holloway</u>, 435 U.S. 490.

While the record clearly demonstrates counsel's inadequate performance, the subsequent point of error II in this brief reveals the prejudicial effect of counsel's deficient counseling. Because counsel chose not to advocate, the Government, for all intent and purposes, was allowed to establish it's case without impediment or obstruction. The denial of an adversarial testing process granted the unmistakeable prejudice of an upward departure; **where** the court departed from Base Offense Level <u>26</u> Criminal History Category IV range of 92 to 115 months to a Base Offense Level <u>31</u> Criminal History Category VI Career Offender Classification guideline range of <u>188</u> to <u>235</u> months. Therefore, the denial of an adversarial testing process granted the unmistakeable prejudice of a 33 month enhancement in the Petitioner's term of imprisonment. Petitioner was affirmatively denied his right to effective assistance of counsel. Such a Constitutional violation can be remedied only through an evidentiary hearing where Petitioner will present his mitigating factors.

- 4. -

## ARGUMENT & POINTS OF AUTHORITY
### ISSUE II

II. COUNSEL FAILED TO OBJECT DURING SENTENCING TO PART E OF THE PRESENTENCE REPORT - FACTORS THAT MAY WARRANT DEPARTURE.

II. <u>Standard of Review</u>: Misapplication of the guidelines under U.S.S.G. Sec. 4A1.3, are reviewed de nova. See <u>U.S. v. Kay</u>, 83 F 3d 98, 101 (5th Cir. 1996) Cert Denied _____ v. _____ 117 S.Ct. 247, 136 LEd. 2d 175 (1996). In the case at bar, the District Judge upwardly departed from the Petitioner's guideline range of Base Offense Level 26, Criminal History Category IV, Guideline range of 92 to 115 months, to Criminal History Category VI, Guideline range of 188 to 135 months, and sentenced Petitioner to 125 months in prison. Petitioner contends that counsel <u>never</u> made him aware prior to sentencing that he would be subject to a career offender classification, warranting an upward departure. Counsel of record <u>never</u> discussed the career offender category with Petitioner prior to sentencing. Petitioner never had any opportunity to timely object to some of the factors that the court would ultimately use to justify it's reasons to depart, as a result counsel was ineffective during sentencing phase.

The Guidelines carve out a "heartland" set of typical cases embodying the conduct that each describes; 1997 U.S.S.G. Ch. 1, A introduction comments 4(b). The district judge can depart from the guidelines based on factors "not adequately taken into consideration by the sentencing commission in formulating the guidelines", with the exception of seceral factors that the guideline explicitly excludes from consideration; 1997 U.S.S.G. Sec. 5K2.0. The judge can consider acts and factors that are not necessarily criminal or illegal when deciding whether or how much to depart from the guidelines. See <u>Arce</u>, 118 F3d at 340-341 (citing specific guidelines provisions and comments to justify this finding).

In the case at bar, Petitioner's counsel's ineffective assistance affects his right to present favorable mitigating factors regarding the allegations of Petitioner's past similar criminal conduct and the alleged serious dissimilar conduct.

- 5. -

Petitioner contends that the error affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings; see U.S. v. McDowell, 109 F3d 214, 216 (5th Cir. 1997). See also Burns v. U.S., 501 U.S. 129-138-139, 111 S.Ct. 2182, 115 LEd 2d 123 (1991).

Because counsel of record failed to object to Petitioner's past criminal conduct, this court should remand for an evidentiary hearing and afford movant an opportunity to present his mitigating factors as well as object to his career offender criminal history category.

WHEREFORE; Petitioner prays that the court order the government to show cause and order an evidentiary hearing.

DATED: 4-25-03

RESPECTFULLY SUBMITTED,

*/s/ Rafael Hernandez*
RAFAEL HERNANDEZ #94893-079
FCI THREE RIVERS
P.O. BOX 4200
THREE RIVERS, TX. 78071-4200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FORGOING HAS BEEN SENT ON THIS 25th DAY OF April, 2003, BY THE U.S. POSTAL SERVICE, POSTAGE PREPAID, FIRST CLASS, AS PROOF OF SERVICE, TO:

BY: */s/ Rafael Hernandez*
RAFAEL HERNANDEZ #94893-079
FCI THREE RIVERS
P.O. BOX 4200
THREE RIVERS, TX. 78071-4200

- 6. -