UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 17 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-085 |
| | § | (CRIM. ACTION NO. B-01-175-5) |
| RAFAEL HERNANDEZ, | § | |
| Defendant-Petitioner. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is applicant Rafael Hernandez's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1). In addition, along with its answer, the Government filed a Motion to Dismiss (Docket No. 6 at page 3), which will herein be considered. For the following reasons, the relief sought by Petitioner should be DENIED and the Government's Motion to Dismiss should be GRANTED. Accordingly, Hernandez's section 2255 Motion should be DISMISSED.

### I.
### BACKGROUND

On April 10, 2001, Hernandez was charged by indictment, in Count One, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, and, in Count Two, with possessing approximately 182.16 kilograms of marijuana with intent to distribute. More specifically, the indictment charged Hernandez with violations of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846.

Hernandez pled guilty to Count Two of the indictment pursuant to an agreement with the United States, whereby the Government would recommend Hernandez receive full credit for

acceptance of responsibility, would recommend that he be sentenced at the low end of the applicable guidelines range, and would move that Count One be dismissed at sentencing.

After departing downward upon motion of the Government, the Court sentenced Hernandez to 125 months confinement and to a five-year term of supervised release. In addition, a $100 special assessment was imposed and Hernandez was ordered to complete 250 hours of community service during his first two years of supervised release. As agreed, Count One was dismissed on motion of the Government.

Judgment was entered on October 10, 2001. Hernandez did not file a direct appeal and, accordingly, his conviction became final on October 24, 2001. Hernandez filed the instant 28 U.S.C. § 2255 motion on May 2, 2003.

## II.
## ALLEGATIONS

In Petitioner's brief in support of his 28 U.S.C. § 2255 motion (Docket No. 1), Hernandez presents a claim of ineffective assistance of counsel, which can be summarized as follows:

> Hernandez was denied his right to effective assistance of counsel because, at sentencing, his attorney failed to object to the Court's application of USSG § 4B1.1, the career offender guideline, on the ground that it over-represented his criminal history.

*See* Petitioner's Brief in Support of 28 U.S.C. § 2255 Motion (Docket No. 1).

## III.
## ANALYSIS

Before this Court can address the merits of Hernandez's arguments, it is necessary to first turn to the question of whether or not we may even properly consider his claims. In particular, the issue of Petitioner's timeliness in filing his § 2255 application is of significant import to the resolution of this case. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998)

2

(addressing as a threshold issue the question of whether or not petitioner's § 2255 motion was time-barred).

Hernandez filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). 28 U.S.C. § 2255 provides a one-year time limit for filing a § 2255 motion. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

After reviewing the record, it is clear that no unconstitutional "governmental action" impeded Hernandez from filing for § 2255 relief prior to the end of the limitations period. *See id.* In addition, the Petitioner's claim does not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* Furthermore, Hernandez has not shown that he was unable to discover the factual basis for his

claims until a date subsequent to the day his conviction became final. *See id.* In short, none of the relevant statutorily-dictated circumstances have impeded the movant's ability to file a timely § 2255 motion. *See Thomas*, 203 F.3d at 352 n.1. Accordingly, the date the limitations period began to run was the day on which the judgment became final.

In the case at hand, Hernandez's conviction became final when the time for filing a notice of appeal expired –i.e., it became final on October 24, 2001. *See* FED. R. APP. P. 4(b)(1); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 n.1 (9th Cir. 2001). Therefore, Petitioner had until October 24, 2002, to file a timely § 2255 application. Petitioner actually filed his § 2255 application on May 2, 2003; thus, it should be dismissed as time-barred.

## IV.
## RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2255 relief should be DENIED. Furthermore, the Defendant's Motion to Dismiss (Docket No. 6 at p.3) should be GRANTED and it is recommended that Petitioner's § 2255 application be DISMISSED with prejudice. *See United States v. Garcia*, Crim. A. No. 89-069, 1994 WL 693440, at *2 (E.D.La. Dec. 7, 1994); *see also United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) (discussing generally the appropriateness of dismissing with or without prejudice in the context of time-barred § 2255 motions).

## V.
## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of November, 2003.

_____
Felix Recio
United States Magistrate Judge